IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY BYERS, | CIVIL ACTION |
| Plaintiff, | No. 2:23-cv-251 |
| v. | |
| EAT'N PARK HOSPITALITY GROUP, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Stacy Byers, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 42 U.S.C. §1331 and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §13267.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), in that:

   a. Plaintiff filed a timely written charge of sex discrimination with the Equal Opportunity Employment Commission on October 18, 2021, and cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated December 12, 2022;

   c. This action was filed with this Court within 90 days of receipt of that Notice; and

   d. More than one year has lapsed since the date Plaintiff filed her PHRC complaint.

## II. The Parties

3.     Plaintiff Stacy Byers ("Byers") is an individual who resides at 109 Hayes Avenue, Butler, Butler County, Pennsylvania, 16001.

4.     Defendant, Eat 'N Park Hospitality Group ("Defendant") is a Pennsylvania corporation with a place of business located at 214 New Castle Road, Butler, Butler County, Pennsylvania 16001.

5.     At all times relevant hereto, Defendant is also an employer within the meaning of Title VII, 42 U.S.C. §2000e(b) because it employed 15 or more individuals.

## III. Factual Background

6.     Byers was employed by Defendant as a cook from May 17, 2021, to September 13, 2021.

7.     After Defendant hired Byers, Defendant hired Frank Morris ("Morris").

8.     Shortly after Morris was hired, he began sexually harassing Byers.

9.     Morris would walk past Byers, grab her buttocks, and touch her chest.

10.    Morris called Byers and other female employees unwanted nicknames, such as "honey" and "babe."

11.    When Byers would ask Morris to move so she could pass by him in order to do her job, he would require Byers to brush up against him in order for her to get where she needed to go in order to complete her work.

12.    Byers repeatedly told Morris to stop sexually harassing her and reported it to her supervisors, Garrett Carson and Meshell Branan.

13.    Byers' supervisors insisted that she not alert corporate and that they would inform the managers. But again, no further action was taken, and Morris continued to harass Byers.

14.    Rather than taking remedial action against Morris, Byers' supervisors would

threaten Morris and Byers with termination for "arguing" when Byers would tell Morris not to touch her.

15. During the week of September 6, Byers again requested that Carson and Branan report Morris' conduct to the managers and make it stop.

16. When the harassment continued, Byers then reported the harassment and the lack of action by her supervisors to Defendant's corporate office.

17. Defendant fired Byers on September 13, 2021, one week after she complained to Defendant's corporate office.

18. Although Byers was terminated, Morris was not disciplined for his behavior, and continued to be an employee with the Defendant following these inappropriate incidents.

## Count I
## Title VII: Sex Discrimination/Hostile Work Environment

19. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 18 as if fully restated herein.

20. The unwanted and unwelcome conduct of a sexual nature by Morris and Defendant subjected Byers to a hostile work environment, because of her sex, and therefore discriminated against Byers in a term and condition of employment because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1).

21. The actions of Defendant were intentional and were undertaken with reckless indifference to Plaintiff's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

22. Defendant was aware of the existence of the sexual hostile workplace and took no action to stop it.

23. Byers was fired because of her sex in violation of 42 U.S.C. §2000e-2(a)(1).

24. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has suffered:

    a. Humiliation;

    b. Inconvenience;

    c. Emotional distress;

    d. Embarrassment; and

    e. Loss of income, and benefits

WHEREFORE, Byers demands judgment against Defendant and the following relief:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training, and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

    c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e. That Plaintiff be awarded compensatory damages in an amount to be determined at the trial;

    f. That Defendant be ordered to pay plaintiff punitive damages;

    g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

      i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Retaliation

25. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 24, as if fully restated herein.

26. Defendant fired Byers because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, in violation of 42 U.S.C. §2000e-3(a).

27. Defendant's retaliation was intentional and taken with reckless indifference to Byers federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

28. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

    a.    Loss of income and benefits;

    b.    Humiliation;

    c.    Loss of reputation;

    d.    Inconvenience; and

    e.    Emotional Distress

WHEREFORE, Plaintiff Stacy Byers demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

    a.    That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training, and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal

    treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

  c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

  d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

  e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

  f. That Defendant be ordered to pay plaintiff punitive damages;

  g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

  h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

  i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## PHRA

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully restated herein.

30. Defendant's firing of Byers violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

31. As a direct result of Defendant's violation of the PHRA, Byers has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

 WHEREFORE, Byers requests the following:

  a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.   That Defendant be ordered to instate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.   That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

e.   That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f.   That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.   That the Court grant Byers additional relief as may be just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ John E. Black, III
John E. Black, III
Pa. I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff